```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Charles W. Warren, et al.,

    Plaintiffs,

  v.                              Case No. 2:02-cv-559

City of Athens, et al.,

    Defendants.

OPINION AND ORDER

    This is an action filed pursuant to 42 U.S.C. §1983 by plaintiffs Charles W. Warren and Ruth A. Warren. Following a bench trial, in an opinion filed on March 18, 2003, this court granted plaintiffs' request for a permanent injunction against defendant City of Athens. This court further granted plaintiffs' request for attorney's fees and costs and directed plaintiffs to file an application specifying the relevant amounts. Plaintiffs filed their petition for attorney's fees and costs on April 18, 2003. Defendant subsequently pursued an appeal of this court's judgment to the Sixth Circuit Court of Appeals. In an opinion filed on June 15, 2005, the Sixth Circuit affirmed this court's grant of a permanent injunction. The mandate issued on July 8, 2005. On July 1, 2005, plaintiffs filed a supplemental petition to quantify the court's award of attorney's fees to include the fees and costs expended during the appeal process. The petitions are now before the court for a ruling.

    District courts have discretion to award a reasonable attorney's fee to prevailing civil rights litigants. <u>Riley v. Kurtz</u>, 361 F.3d 906, 911 (6th Cir. 2004); 42 U.S.C. §1988(b). This authority includes an award for fees earned for the successful

defense of a judgment on appeal.  Hutto v. Finney, 437 U.S. 678, 693-98 (1978); Riley, 361 F.3d at 915; Adcock-Ladd v. Secretary of Treasury, 227 F.3d 343, 351 (6th Cir. 2000).

When considering a petition for attorney's fees, the court must first determine whether the petitioning plaintiff was the prevailing party.  Wayne v. Village of Sebring, 36 F.3d 517, 531 (6th Cir. 1994).  A plaintiff prevails when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.  Farrar v. Hobby, 506 U.S. 103, 111-12 (1992).  Since this court granted plaintiffs' request for a permanent injunction against the defendant, and the Sixth Circuit Court of Appeals affirmed that decision, plaintiffs are properly considered as prevailing parties in this case.

The next step of the analysis is whether the moving party's victory was sufficient to justify a fee award of a particular amount.  Farrar, 506 U.S. at 114.  The court must determine what fee is reasonable.  Wayne, 36 F.3d at 531.  See also Blum v. Stenson, 465 U.S. 886, 893 (1984)(of primary concern in ruling on a petition for attorney's fees is that the fee awarded be reasonable); Reed v. Rhodes, 179 F.3d 453, 471 (6th Cir. 1999).  A reasonable fee is one that is adequate to attract competent counsel, but does not produce windfalls to attorneys.  Blum, 465 U.S. at 897.

The starting point in determining a reasonable fee is to determine the number of hours reasonably expended on the litigation, excluding excessive, redundant or otherwise unnecessary hours, multiplied by a reasonable hourly rate.  Wayne, 36 F.3d at

2

531.  This is referred to as the "lodestar" calculation.  A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney.  Wayne, 36 F.3d at 533.  However, a "strong presumption" favors the prevailing lawyer's entitlement to his lodestar fee.  See City of Burlington v. Dague, 505 U.S. 557, 562 (1992); Adcock-Ladd, 227 F.3d at 350.  In calculating a reasonable hourly rate, the court should consider the prevailing market rate in the relevant community.  Adcock-Ladd, 227 F.3d at 350.  The "prevailing market rate" is the rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record.  Id.

After calculating the "lodestar" rate, the district court may then adjust the "lodestar" to reflect relevant considerations peculiar to the case and the result obtained.  Reed, 179 F.3d at 471; Wayne, 36 F.3d at 531.  This step involves two questions: "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).  The adjustment is governed by a set of twelve factors first announced in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974) and adopted by the Supreme Court in Hensley.[1]  Many of these factors

---

[1] These factors are: (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  See Johnson, 488 F.2d at 717-19.

may be considered either in determining the basic lodestar fee and/or adjustments thereto.  Paschal v. Flagstar Bank, 297 F.3d 431, 435 (6th Cir. 2002); Adcock-Ladd, 227 F.3d at 349.

Plaintiffs have submitted fee requests for the hours of their counsel on this case, Frederick M. Gittes and Kathaleen B. Schulte, and for the hours worked by law clerks employed by their counsel.  Plaintiffs have also included fee requests for the work of attorneys Gerald Mollica, Cherie H. Gall, and Larry D. Wines.  Plaintiffs also request an upward adjustment of 50% applied to the attorney's fees and interest at the rate of 1.24% pursuant to 28 U.S.C. §1961(a) and Associated General Contractors of Ohio, Inc. v. Drabik, 250 F.3d 482 (6th Cir. 2001).

Defendant does not contest the reasonableness of the number of hours claimed for the work performed by Mr. Gittes, Ms. Schulte, and their law clerks.  That is, defendant does not assert that the number of hours claimed is excessive, redundant, or unnecessary in relation to the work performed.  In their initial fee petition, at page 9, plaintiffs note that counsel reduced fees to account for possible duplication, claiming fees for only one attorney at hearings and telephone conferences where both attorneys were in attendance.  Counsel also deleted fees for the initial time spent on learning the facts of the case, reduced fees for telephone conferences, and divided tasks to avoid duplication.  Mr. Gittes has billed for 146.85 hours of work, and Ms. Schulte has billed for 265.35 hours of work at a lower rate.  Law clerks were utilized for 29.50 hours of work to further reduce costs.

The court has reviewed the billing information submitted by plaintiffs for Mr. Gittes, Ms. Schulte and their law clerks.  The

4

court finds that the number of hours worked is reasonable considering the nature and degree of complexity of the case, the number and degree of complexity of the legal theories involved, the fact that the case proceeded to a trial where expert witnesses testified, and the fact that plaintiffs were required to defend the judgment on appeal.  The number of hours claimed is not excessive, redundant, or unnecessary in relation to the work performed.

Defendant does object to an award of fees and costs for the work attributable to Mr. Mollica, Ms. Gall and Mr. Wines.  This work, though related to the plaintiffs' business, occurred prior to the erection by the defendant of the barrier blocking the drive thru to the plaintiffs' Dairy Queen store which prompted the filing of the instant action.  The court agrees with defendant that this work is too remote from the instant case to qualify for inclusion in the fee award.  Therefore, the court declines to award the claimed fees in the amount of $5,622.50 for the combined 46.80 hours worked by Mr. Mollica, Ms. Gall and Mr. Wines.

The next issue is what constitutes a reasonable hourly rate.  At the time of the initial fee petition, plaintiffs were seeking fees for Mr. Gittes at a rate of $250 per hour, for Ms. Schulte at a rate of $200 per hour, and for law clerks at a rate of $50 per hour.  This reflected counsel's billing practices at the time.  Since the filing of the initial petition, counsel have increased their hourly rates.  In their supplemental petition, plaintiffs are now seeking fees for Mr. Gittes at a rate of $300 per hour, and for Ms. Schulte at a rate of $250 per hour for all work performed on the case.  Plaintiffs also seek a 50% upward adjustment for counsel's fees.

5

In support of their initial fee petition, plaintiffs submitted the affidavit of Ms. Schulte, who was admitted to the practice of law in Ohio in 1982, and the affidavit of Mr. Gittes, who has been an attorney since 1975.  These affidavits indicate that both of these attorneys have extensive experience representing clients in employment discrimination and civil rights cases.  In support of the petition for an award commensurate with their current fee rates, Mr. Gittes and Ms. Schulte have submitted supplemental affidavits.  Mr. Gittes served as president of the Ohio Academy of Trial Lawyers from 2004 to 2005, and has been listed in every edition of The Best Lawyers In America under the labor, employment law and First Amendment sections.  Ms. Schulte was listed in the 2005-2006 edition of that publication under the labor and employment law section.

Mr. Gittes stated in his affidavit that the usual and customary rates charges by law firms in Columbus, Ohio for civil rights cases range from $175 to $350 per hour, and that the $300 per hour rate he charges comports with or is lower than the prevailing rate for attorneys with experience comparable to his. Ms. Schulte stated that her current rate of $250 per hour comports with or is lower than rates charged by attorneys with comparable experience.

Plaintiffs have also submitted two affidavits from Louis A. Jacobs, a retired professor, formerly with the Moritz College of Law at The Ohio State University, and a practicing attorney with over thirty years experience who is now of counsel with a law firm in Columbus, Ohio. Mr. Jacobs currently charges $350 per hour.  In his first affidavit submitted with the initial fee petition in

6

2003, Mr. Jacobs, who has extensive experience in civil rights litigation, stated that a range of $150 to $300 per hour was the prevailing rate for attorneys of similar experience in civil rights litigation in Columbus, Ohio.  He cited several cases in the Southern District of Ohio in which counsel have been awarded fees ranging from $150 per hour (a case involving a less experienced attorney) to $300 per hour.  He stated that Mr. Gittes has earned a deserved reputation as a leading civil rights lawyer in Columbus, Ohio, and that Ms. Schulte is also widely respected as a civil rights lawyer.  Mr. Jacobs stated that, in his opinion, the billing rates of counsel reflect the prevailing and fair market rate for attorneys of their qualifications, experience, and achievement. He further stated that the billing rate of $50 per hour for law clerk time was within the range of $50 to $75 per hour prevalent in this area.

In his second affidavit dated June 26, 2005, Mr. Jacobs cited additional civil rights cases in the Southern District of Ohio in which fee awards ranging from $125 per hour (for counsel of considerably less experience) to $350 per hour for counsel of comparable experience were entered.  Mr. Jacobs stated that the current rate in Columbus for counsel of his experience in civil rights cases ranges from $300 to $500 per hour, and that a range of $200 to $300 per hour applies to counsel of slightly less experience.  He expressed the opinion that the current billing rates charged by Mr. Gittes and Ms. Schulte fit within the range of prevailing and fair market rates for attorneys of their qualifications, experience, and achievement.

Defendant has voiced no objection to the calculation of fees

7

based on the 2003 rates charged by plaintiffs' counsel. However, defendant objects to a fee award which is based entirely on the current rate charged by counsel. In other words, defendant objects to the application of the higher current rate to work performed in the past which would have been billed at a lower rate at that time. However, the Supreme Court noted in <u>Missouri v. Jenkins</u>, 491 U.S. 274 (1989) that compensation is often received several years after services were rendered in complex civil rights litigation, and held that an adjustment for delay in payment by the application of current, rather than historical, hourly rates is within the contemplation of the attorney's fees statute. <u>See</u> <u>also</u> <u>Barnes v. City of Cincinnati</u>, 401 F.3d 729, 745 (6th Cir. 2005)(approving the district court's use of current market rate in case where litigation was ongoing for nearly six years.)

The litigation in this case has now been pending for over three years, which represents a substantial delay in payment. The current rates charged by counsel do not exceed the range of rates charged in Columbus, Ohio, by experienced civil rights attorneys in 2003 when the initial petition was filed. For these reasons, a fee based on counsel's current rates is reasonable in this case. The court will also address this issue below under the <u>Johnson</u> factors.

Defendant objects to an award of fees for work performed in connection with the legal theories regarding substantive due process, equal protection, and the Takings Clause. Although plaintiffs' arguments in regard to those theories were accepted by this court, defendant argues that those theories were not accepted by the court of appeals as a basis for affirming the grant of the

8

permanent injunction. Plaintiffs respond that this court's grant of a permanent injunction was upheld not only on federal procedural due process grounds, but also on the basis of plaintiffs' claims under the Ohio Constitution, which included substantive and procedural due process and equal protection claims. Plaintiffs argue that they therefore prevailed based on all those legal theories.

Even if plaintiffs are deemed to have prevailed solely on their procedural due process theory, a reduction in fees is not necessarily required. The Supreme Court has noted that where plaintiff's claims for relief involve a common core of facts or are based on related legal theories, much of counsel's time "will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." Hensley, 461 U.S. at 435. "Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Id. The Court went on to state:

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. (Citation omitted.) Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not sufficient reason for reducing a fee. The result is what matters.

Id. On the other hand, a reduction in fees is warranted if the

9

plaintiff has achieved only partial or limited success. Id. at 436.

In this case, a common core of facts was involved in all of plaintiffs' legal theories, and those legal theories were related. All of those theories addressed the same action by the defendant, specifically, the blocking of the plaintiffs' drive thru. The same witnesses were called in regard to all theories in the case. Plaintiffs' claims were not separable. This is not a case where plaintiffs failed to prevail on claims that were unrelated to the claims on which they succeeded. Counsel acted in good faith in investigating and advancing these different legal theories in pursuing the relief sought. Plaintiffs achieved the complete and total relief that they sought, namely, a permanent injunction. The fact that the court of appeals did not accept all of plaintiffs' legal theories does not make that remedy any less successful. Thus, plaintiffs achieved a level of success that renders the hours reasonably expended a satisfactory basis for a fee award. A reduction in fees is not warranted in this case on the ground that plaintiffs did not ultimately prevail on all theories advanced in their case.

Defendant also objects to the upward adjustment of 50% requested by plaintiffs. The Johnson factors particularly relied on by plaintiffs to support their request for an upward adjustment are: the novelty and difficulty of the question; the skill requisite to perform the legal service properly; the preclusion of other employment by the attorney due to acceptance of the case; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; and the experience,

reputation and ability of the attorney.

The Supreme Court has stated that modifications to the lodestar are proper only in certain "rare" and "exceptional" cases. Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986); Blum, 465 U.S. at 898-901.  The Court has also noted that many of the Johnson factors are usually subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.  Hensley, 461 U.S. at 434 n. 9.  Thus, the Court has held that the novelty and complexity of the issues in a case are not appropriate factors in determining whether to increase the basic fee award.  Blum, 465 U.S. at 898.  Likewise, the factors of the special skill and experience of counsel, the quality of representation and the results obtained "are presumably fully reflected in the lodestar amount, and thus cannot serve as independent basis for increasing the basic fee award" although, again, upward adjustments of the lodestar figure are permissible and proper in rare and exceptional cases.  Delaware Valley, 478 U.S. at 565; Geier v. Sundquist, 372 F.3d 784, 794-95 (6th Cir. 2004).  However, the Supreme Court has also noted that the result achieved is a highly important Johnson factor.  Hensley, 461 U.S. at 433; Adcock-Ladd, 227 F.3d at 349.  "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee."  Hensley, 461 U.S. at 435.

Weighing the applicable Johnson factors in this case, the court finds that the 50% adjustment requested by plaintiffs is not warranted.  The skill and special expertise of counsel is adequately reflected in their rates, as are the quality of the representation and the results obtained.  While counsel have

11

submitted affidavits indicating that they are a small firm with two attorneys, and that their work on this case precluded them from working on other cases, the amount of time expended on this case is not so rare or unusual as to warrant the 50% increase requested by counsel. In addition, while the circumstances of this case required counsel's immediate attention at the filing of the case, when a temporary restraining order was sought to enjoin the blocking of the drive thru which threatened the plaintiffs' business operations, once the temporary restraining order and preliminary injunction were entered against the city, the time limitations posed by the situation were somewhat alleviated. Therefore, the request for a 50% upward adjustment will be denied.

However, the court finds that the above circumstances are sufficiently significant to provide support for a fee award based on the current rates charged by counsel. The skill and expertise of counsel and the quality of the representation provided significantly contributed to plaintiffs' success in this case. Counsel reasonably expended a substantial amount of time in preparing for trial and in litigating the appeal. The current rates charged by counsel are reasonable rates within the range of fees charged in Columbus, Ohio, by attorneys of similar qualifications and experience in the area of civil rights litigation. Here, plaintiffs obtained excellent results, and a fee at the current rates is necessary and appropriate to fully compensate counsel for their work.

The court will therefore approve fees for Mr. Gittes for 146.85 hours of work at $300.00 per hour, for a total of $44,055.00, and fees for Ms. Schulte for 265.35 hours of work at

$250.00 per hour, for a total amount of $66,337.50. The court further finds that the fee amount for law clerks claimed by plaintiffs is the product of a reasonable rate within the range of fees charged in Columbus, Ohio, and a number of hours reasonably expended. The court will approve fees for counsel's law clerks for 29.50 hours of work at a rate of $50.00 per hour, for a total amount of $1,475.00.

Plaintiffs have also requested the payment of various costs. The costs in the amount of $116.48 attributable to Mr. Mollica will be excluded from the award of costs. Defendant has raised no objection to most of the costs claimed by plaintiffs. However, defendant does object to mileage costs in the amount of $105.60 incurred by Mr. Gittes and Ms. Schulte for travel to Athens, Ohio for the purpose of attending depositions. The authority granted in §1988 to award attorney's fees includes the authority to award those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client in the course of providing legal services, such as reasonable photocopying, paralegal expenses, and travel and telephone costs. <u>Northcross v. Board of Education of Memphis City Schools</u>, 611 F.2d 624, 639 (6th Cir. 1979). Therefore, the mileage costs in the amount of $105.60 will be awarded.

Defendant also addresses costs in the amount of $5,484.86 which are attributable to plaintiffs' expert witness, Richard DeWolfe. Defendant correctly argues that the only claimed costs which are recoverable are those travel, <u>per diem</u> and attendance costs recoverable under 42 U.S.C. §1821(b), amounting to $1512. In <u>West Virginia University Hospitals, Inc. v. Casey</u>, 499 U.S. 83

13

(1991), the Supreme Court held that expert fees could not be shifted to the losing party under §1988. See also Tinch v. City of Dayton, 199 F.Supp.2d 758, 769 (S.D.Ohio 2002). Therefore, plaintiffs are entitled to recover costs relating to the attendance of the expert witness in the amount of $1512. The remaining expert fees in the amount of $3,972.86 are not recoverable. The other costs requested by plaintiffs are allowable and reasonable. Plaintiff will be awarded costs in the amount of $8,182.27.

In accordance with the foregoing, the court hereby awards plaintiffs attorney's fees as follows: an award of attorney's fees for the work of Attorney Gittes in the amount of $44,055.00; an award of attorney's fees for the work of Attorney Schulte in the amount of $66,337.50; and an award of fees for work performed by law clerks in the amount of $1,475.00. The court also awards plaintiffs costs in the amount of $8,182.27. Pursuant to 28 U.S.C. §1961(a), these awards are subject to interest at the rate of 1.24% from March 18, 2003.

It is so ordered.

Date: October 11, 2005          s\James L. Graham
                                James L. Graham
                                United States District Judge